# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JASON LEE,

              Appellant,

    v.

JOSIAH P. WALKER and JANE DOE
WALKER, and their marital community
comprised thereof; and INFRASOURCE
SERVICES, LLC, a Delaware limited
liability company,

              Respondents.

No. 72924-1-I

DIVISION ONE

UNPUBLISHED

FILED: October 19, 2015

Cox, J. — "Jury instructions are generally sufficient if they are supported by the evidence, allow each party to argue its theory of the case, and when read as a whole, properly inform the trier of fact of the applicable law."[1] The court's instructions to the jury were sufficient in this case. And the court did not abuse its discretion in declining to give the instructions that Jason Lee proposed. We affirm.

Lee and Josiah Walker were involved in a traffic collision. Lee was a cyclist and hit the motor vehicle that Walker was driving. Both parties were traveling northbound on the same road. The road had a single northbound lane,

---

[1] Fergen v. Sestero, 182 Wn.2d. 794, 803, 346 P.3d 708 (2015).

shared by motor vehicles and bicycles. One block before the site of the collision, the road split into two northbound lanes—one for motor vehicles and one for bicycles. Facing north, the bicycle lane was to the right of the motor vehicle lane.

Walker was ahead of Lee, who was riding a bicycle. Walker turned right, traveling across the bicycle lane. As he did so, Lee ran into the back of Walker's truck.

Lee commenced this personal injury action. He alleged that Walker had negligently caused the collision. At trial, Walker argued that Lee had caused the collision by negligently attempting to pass him on the bicycle.

The jury found that Walker was not negligent.

Lee appeals.

## JURY INSTRUCTIONS

Lee argues that the trial court improperly instructed the jury. We hold that the instructions that the trial court gave the jury were sufficient.

"Jury instructions are generally sufficient if they are supported by the evidence, allow each party to argue its theory of the case, and when read as a whole, properly inform the trier of fact of the applicable law."[2] The trial court errs if it provides insufficient jury instructions.[3]

---

[2] Id.

[3] Anfinson v. FedEx Ground Package Sys., Inc., 174 Wn.2d 851, 860, 281 P.3d 289 (2012).

Erroneous instructions must prejudice a party to be reversible error.[4] The party challenging the instructions must show prejudice.[5]

This court reviews de novo legal errors in jury instructions.[6]

In contrast, whether to give a certain jury instruction is within a trial court's discretion.[7] "[T]he facts of the particular case" govern whether a particular jury instruction is appropriate.[8] We review for abuse of discretion whether a court properly declined to give a proposed jury instruction.[9]

*Court's Instructions to the Jury*

Lee argues in his briefing that the court's instructions were insufficient. Specifically, he argues that the court erred by failing to provide the applicable law. We disagree.

Here, the court's instructions properly informed the jury of the applicable law. The court first generally instructed the jury on negligence. The court informed the jury that "[n]egligence is the failure to exercise ordinary care."[10] It

---

[4] Fergen, 182 Wn.2d at 803.

[5] Id.

[6] Id. at 802.

[7] Id.

[8] Id.

[9] State v. Stacy, 181 Wn. App. 553, 569, 326 P.3d 136, review denied, 335 P.3d 940 (2014).

[10] Clerk's Papers at 88.

also defined ordinary care as "the care a reasonably careful person would exercise under the same or similar circumstances."[11]

The court then instructed the jury more specifically. It informed the jury that "[i]t is the duty of every person using a public street or highway to exercise ordinary care to avoid placing themselves or others in danger and to exercise ordinary care to avoid a collision."[12] The court also instructed the jury that "[e]very person has a duty to see what would be seen by a person exercising ordinary care."[13] Finally, the court informed the jury that bicyclists have "all the rights of a driver of a motor vehicle."[14]

These instructions correctly state the applicable law for determining whether Walker negligently caused the collision with Lee. And in his briefing Lee does not dispute that evidence supported these instructions, or that they allowed both parties to argue their theory of the case. Thus, the jury instructions were sufficient.

At oral argument, Lee argued for the first time that the court's instructions were insufficient because they did not allow him to argue his theory of the case. This court generally does not consider arguments raised for the first time at oral

---

[11] Id. at 89.

[12] Id. at 93.

[13] Id.

[14] Id. at 92.

argument.[15] Additionally, as described earlier, the court instructed the jury on negligence, including the "duty to see what would be seen by a person exercising ordinary care."[16] These instructions allowed Lee argue that Walker had negligently caused the collision by failing to see Lee.

*Lee's Proposed Instructions*

Lee argues that the court erred by failing to give two of his proposed instructions. He is wrong.

Because Lee objects to the failure to give particular instructions, this court reviews the trial court's decision for abuse of discretion. It is well settled law that this is the appropriate standard of review for this type of decision by a trial court.[17]

Two of Lee's proposed instructions are at issue. Neither was appropriate to give in this case.

Lee first argues that the court should have provided an instruction based on RCW 46.61.140. Lee's proposed instruction read:

> A statute provides whenever any roadway has been divided into two or more clearly marked lanes for traffic a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.[18]

---

[15] RAP 12.1; P.H.T.S., LLC v. Vantage Capital, LLC, 186 Wn. App. 281, 289 n.8, 345 P.3d 20 (2015).

[16] Clerk's Papers at 93.

[17] Fergen, 182 Wn.2d at 802; Seattle W. Indus., Inc. v. David A. Mowat Co., 110 Wn.2d 1, 9, 750 P.2d 245 (1988).

[18] Clerk's Papers at 29.

Here, the trial court noted that this case was a "standard negligence, reasonable care [case]."[19] And the court gave instructions consistent with this characterization, as we previously discussed in this opinion. The court determined that the proposed instruction "d[id]n't really give any guidance to the jury."[20]

This was not an abuse of discretion. Lee alleged that Walker negligently turned in front of him. The court's instructions informed the jury that Walker had a duty of care to avoid causing a collision. Thus, Walker could not turn from his lane unless it was safe to do so. Accordingly, this additional instruction about driving within a single lane failed to provide any additional guidance that the jury required to determine whether Walker was negligent.

Lee next argues that the court should have provided a "favored driver" instruction. Lee's proposed instruction read:

> The driver of a vehicle with the right-of-way is a favored driver. The driver required to yield the right of way is a disfavored driver. Although all drivers must exercise reasonable care, disfavored drivers have the primary duty to avoid collision and favored drivers are entitled to a reasonable reaction time after it becomes apparent in the exercise of due care that the disfavored driver will not yield the right of way. This rule applies even though the favored driver did not see the disfavored driver until it was too late to avoid the accident.[21]

---

[19] Report of Proceedings (November 13, 2014) at 3.

[20] Id.

[21] Clerk's Papers at 32.

Lee cited case law to support this instruction. The trial court noted that it had read the case law and determined that the instruction did not apply here. This was not an abuse of discretion.

Lee cited three cases to support giving this instruction: Sanchez v. Haddix,[22] Poston v. Mathers,[23] and Grobe v. Valley Garbage Service Inc..[24] The trial court noted that those cases involved vehicles traveling in different directions meeting at an intersection. Review of these cases demonstrates that the court was correct.[25]

As previously stated, "the facts of the particular case" determine whether a jury instruction is appropriate.[26] Here, the case did not involve vehicles traveling in different directions meeting at an intersection. Instead, it involved a motor vehicle and a cyclist traveling on the same road in the same direction, with the motor vehicle turning across the cyclist's path. Thus, as the court noted, the cases on which Lee relied were factually distinct. Accordingly, it was not an abuse of discretion for the court to determine that Lee's instruction was inappropriate for the facts of this case.

---

[22] 95 Wn.2d 593, 627 P.2d 1312 (1981).

[23] 77 Wn.2d 329, 462 P.2d 222 (1969).

[24] 87 Wn.2d 217, 551 P.2d 748 (1976).

[25] Sanchez, 95 Wn.2d at 594; Poston, 77 Wn.2d at 330-31; Grobe, 87 Wn.2d at 219.

[26] Fergen, 182 Wn.2d at 803.

Lee also argues that this proposed instruction "appli[es] in all cases where there is a favored driver."[27] But Lee fails to establish that this case involved either a favored driver or a disfavored driver.

Lee argues that RCW 46.61.140, which provides that drivers should drive within a single lane, created the right-of-way here. But that statute does not create a right-of-way—it merely provides that a vehicle may not leave its lane unless it is safe to do so.[28] Thus, this argument is unpersuasive.

We affirm the judgment on the jury verdict.

Cox, J.

WE CONCUR:

_____

_____

---

[27] Reply Brief of Appellant Jason M. Lee at 9.

[28] RCW 46.61.140.